UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert W. Bruedle

   v.                                                       Civil No. 07-cv-256-PB

Richard M. Gerry, Warden,
New Hampshire State Prison[1]

**O R D E R**

Before the Court is Robert Bruedle's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid). As discussed herein, I find that the petition is facially valid and I order that it be answered by respondent.

---

[1] Because petitioner is currently in custody under a State court judgment, the proper respondent is the state officer who has custody of petitioner. See Rule 2(a) of the Rules Governing § 2254 proceedings. Petitioner has named that officer, the Warden of the prison where he is incarcerated. Petitioner has also named the New Hampshire Attorney General as a respondent to this action. The Attorney General need only be named as a respondent to a § 2254 petition when the petitioner is not yet in custody. See Rule 2(b) of the Rules Governing § 2254 proceedings. Accordingly, I will construe the petition as naming only the Warden of the New Hampshire State Prison as a respondent to this action.

## Background

On October 14, 2004, Robert Bruedle was convicted of aggravated felonious sexual assault and kidnaping after a jury trial.  On December 14, 2004, he was sentenced to serve 7-20 years in the New Hampshire State Prison.  Bruedle filed a direct appeal of his conviction in the New Hampshire Supreme Court ("NHSC").  The NHSC affirmed Bruedle's conviction on August 17, 2006 in an unpublished written opinion.

Bruedle now brings this petition for a writ of habeas corpus raising the following six grounds for relief[2]:

1. Bruedle was denied his Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to a fair trial and to confront and cross-examine the witnesses against him when the trial court prohibited him from cross-examining the victim regarding her recent unsuccessful attempt to enlist the petitioner and his wife in a scheme to commit welfare fraud;

2. Bruedle was denied his Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to a fair trial by an impartial jury when the prosecutor made improper opening and closing remarks to the jury by personally addressing the victim, vouching for her credibility, suggesting that the petitioner and his attorney were deceptive, stating his personal beliefs in his argument to the jury, and shifting the burden of proof in the case to the petitioner;

---

[2]The claims, as identified here, will be considered to be the claims raised in the petition for all purposes.  If Bruedle disagrees with this identification of the claims, he must move to amend his petition.

    3.    Bruedle was denied his Fifth, Sixth, and Fourteenth Amendment rights to due process, to a fair trial by an impartial jury, and to be present for all essential stages of the proceedings against him when, during deliberations, the trial court interviewed a juror regarding the juror's prior acquaintance with the petitioner without the petitioner or his counsel being present for the interview or even advised of its occurrence until after the verdict;

    4.    Bruedle was denied his Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to a fair trial by an impartial jury when the prosecution called a victim witness advocate to testify to an impliedly expert opinion that the assault alleged had in fact occurred and that the victim was truthful, thereby violating the rules regarding expert witnesses and invading the province of the jury;

    5.    Bruedle was denied his Sixth Amendment right to confront and cross-examine the witnesses against him when the trial court denied him the opportunity to question the victim witness advocate regarding her bias and motivation to lie arising out of her own status as a victim of sexual assault; and

    6.    Bruedle was denied his Sixth Amendment right to confront and cross-examine the witnesses against him when the trial court admitted hearsay evidence in the form of out-of-court statements of the victim and her nontestifying parents.

Bruedle alleges that each of the grounds raised in his petition was presented to the NHSC in his direct appeal.

## Discussion

To be eligible for habeas relief, Bruedle must show that he is both in custody and has exhausted all State court remedies, or

that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle).  A petitioner's remedies in New Hampshire are exhausted when the petitioner's federal claims have been presented to the State's highest court "fairly and recognizably," so that the State courts have an opportunity to rule on the claims.  Clements v. Maloney, No. 05-2411, 2007 WL 1241253, at *3 (1st Cir. Apr. 30, 2007); see Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

    As to the first requirement, petitioner is in custody, as he is serving a State prison sentence pursuant to the conviction in question in this case.  Regarding the second requirement,

Bruedle's petition includes an acknowledgment that each claim presented to this Court must first be presented to the State courts for consideration.  Bruedle has not submitted to this Court any notice of appeal, brief, or other pleading that was presented to the NHSC which would demonstrate precisely what claims were raised in that Court.  Further, the order issued by the NHSC affirming Bruedle's conviction does not make clear the specific arguments presented to that Court.  However, Bruedle is represented by counsel.  Accordingly, I will presume that Bruedle's attorney is aware of the requirement to exhaust each of the claims raised here, including the federal nature of those claims, in the State courts prior to bringing a petition here. In accordance with that presumption, I will, for purposes of preliminary review, find that Bruedle has sufficiently alleged that he has exhausted his State court remedies, and has therefore presented facially valid habeas claims, to allow the petition to proceed at this time.

## Conclusion

I direct that Bruedle's petition be served on the Respondent.  See § 2254 Rule 4.  The Respondent shall file an answer or other pleading in response to the allegations made

therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     November 2, 2007

cc:       Sven D. Wiberg, Esq.