UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Robert W. Bruedle

    v.                             Civil No. 07-cv-00256-JL

NH State Prison, Warden


**O R D E R**


The court has attempted to address the pending motion for summary judgment. Regrettably, the court respectfully states that the petitioner's memorandum objection (document #10) is not helpful to the court. As a purely technical matter, the objection fails to comply with Local Rules 5.1(a) and 7.2(b)(2), and is therefore stricken.

On or before **November 26, 2008**, the petitioner's counsel shall file a memorandum in opposition to summary judgment which:

- complies with Local Rule 5.1(a) in all respects;

- includes a statement of material facts that complies with Local Rule 7.2(a)(2) by listing those facts (including procedural facts pertaining to exhaustion issues and procedural bar and default issues) as to which the petitioner believes genuine disputes exist that require an evidentiary hearing;

- recognizes the applicable standard of review as to factual findings, i.e., that this court must accept the facts found by the state courts unless Bruedle can demonstrate otherwise by clear and convincing evidence. McCambridge v. Hall, 303 F.3d 24, 25 (1st Cir. 2002) (en banc). In other words, Bruedle should not simply submit his preferred version of the facts, without regard to this standard;

- addresses the six issues before the court as identified by the Magistrate Judge's order (document #2) in some organized fashion, as the Warden's motion does;

- identifies any of those six issues Bruedle is no longer pursuing in this proceeding;

- responds to the Warden's procedural bar arguments as to Claims 2, 3, 4 and 6.

The petitioner need not re-file his exhibits, and may refer to them in his renewed memorandum. He should not, however, "incorporate by reference" any arguments in any brief filed before the New Hampshire Supreme Court or any other court. Arguments not affirmatively advanced in the memorandum will not be considered.

The court does not relish creating extra work for counsel, and to the extent that petitioner's counsel views this order as requiring duplicative work, the court apologizes. The court is familiar with the petitioner's counsel and holds him in high regard. The record established by the memorandum on file, however, is not helpful to the court in resolving the issues before it.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated:   November 12, 2008

cc:   Sven D. Wiberg, Esq.
      Stephen D. Fuller, Esq.